Juan Díaz, Plaintiff and Appellant, *v.* Carmen Palmer.
et al., Defendants and Appellees.

No. 8614. Argued May 7, 1943.—Decided May 20, 1943.

*F. González Fagundo* for appellant. *Julio Reguero González* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This is an action for damages filed against Carmen Palmer and her husband, Marcelino Esterás. Plaintiff alleged that he was the owner of a frame house with a zinc roofing valued at $200 and built on a rural estate belonging to Marcelino Esterás. That on February 21, 1940, the defendant Carmen Palmer, who was at that time already married to Marcelino Esterás, sprayed gasoline on said house and set fire to it, destroying it, completely. That by reason of the destruction of the house plaintiff and his family were left homeless and have suffered damage in the amount of $1,000.

The case went to trial and the evidence introduced was conflicting. That of the plaintiff tended to prove that on December 28, 1939, he had moved from the house in question to the city of Caguas leaving the house closed with the purpose of taking it to some other estate where he would be allowed to put it up again, as defendant Esterás had promised to furnish him with carts and oxen and to give him $3.00 in order to move the house. That on the morning of the date stated in the complaint the defendant Carmen

Palmer, who was on bad terms with plaintiff and his family, by reason of certain illicit relations carried on between her husband, the codefendant, and a daughter of the plaintiff, destroyed the house in the way alleged in the complaint. Defendants' evidence tended to prove that two months before the fire, that is, on December 28, 1939, when plaintiff moved to Caguas, Esterás had bought the house, which was a shack covered with cane straw, for $15, of which he paid $13 on December 28, leaving a balance of $2 which, to the date of the fire, had not been paid. That defendant Carmen Palmer was not the one who set fire to the house; that this lady on the date the fire occurred and for a long time previous to that date was a guest of a friend of hers who had a house in the city of Caguas, and had been nursing her daughter who was seriously ill at the time.

It appeared from plaintiff's evidence that the sum of $1,000 claimed for damages in the complaint, was divided in the following way: an item of $200, value of the house, and another item of $800 by reason of mental anguish and suffering due to the loss of the property.

The judge of the lower court believed the evidence of the defendants, and in the opinion on which he based his judgment dismissing the complaint, he stated doubts as to the propriety of the claim for suffering and mental anguish in a case such as the one at bar, in which the material damage is not to the person but to the property, and he said that if said item was not claimable, the real claimable damages would be reduced to $200, and that in that case the court would lack jurisdiction by reason of the amount in controversy. But after expressing his doubts, he stated that though he had them, he preferred to decide the case, not on the basis of lack of jurisdiction, but by weighing the evidence, and he entered judgment dismissing the complaint, charging costs to plaintiffs.

As a basis for his appeal, appellant assigns as the only error committed by the lower court, its weighing of the evidence.

108

■■ We have already seen that the evidence was contradictory and that the lower court decided the conflict in favor of defendants. Nevertheless, the lack of jurisdiction is so manifest that the court *a quo* should not have considered any other question and should have dismissed on the ground of lack of jurisdiction.

In the case of *Francisco Díaz* v. *Antonio Emanuelli and Ramón Cancel,* an action for damages, decided by this court on the fifth of this month (61 P.R.R. 857), we held that an item for damages due to mental suffering and anguish caused by the destruction or loss of property belonging to the plaintiff, was not recoverable. And in *González* v. *Dannermiller Coffee Co.,* 48 P.R.R. 590, that damages may not be recovered for mental anguish in an action for breach of contract, and that said item of damages being discarded, the amount involved in the other cause of action did not exceed five hundred dollars, and it was therefore proper, according to *Nuñez* v. *Ruga,* 35 P.R.R. 198, to dismiss the action, as was done, for lack of jurisdiction.

It is true that in the instant case there have not been brought two separate causes of action, but it is no less true that two items of damages are claimed, and that once one of them has been discarded, the other only amounts to $200, for which reason the doctrine of *González* v. *Dannermiller Coffee Co.,* and *Nuñez* v. *Ruga, supra,* is entirely applicable

Without considering any other question which could have been raised in this case, and by reason only of the lack of jurisdiction of the lower court, the judgment dismissing the complaint, with costs, must be affirmed.

Mr. Justice Travieso did not participate herein.